UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALL POINTS CAPITAL CORP.,

        Plaintiff,

                                    Case Number 08-50760-BC

v.                                     Honorable Thomas L. Ludington

GREAT LAKES TISSUE COMPANY, *et al.*,

        Defendants.

        _____/

### ORDER GRANTING IN PART MOTION FOR ALTERNATIVE SERVICE

On December 16, 2008, Plaintiff filed a motion to permit alternative service of creditor examination subpoenas. Plaintiff has attempted to serve the subpoenas on Defendant Clarence Roznowski, in his personal capacity, and as the registered agent for Defendants U.S. Tissue Converting, Inc., Cheboygan Hydro Services, LLC, and Cheboygan Warehouse Services ("Defendant Corporations"). Plaintiff indicates that it has made multiple, unsuccessful attempts to serve the subpoenas on Defendant Roznowski at his home and place of business. Plaintiff has set forth sufficient facts illustrating that, despite Plaintiff's reasonable effort, service of process on Defendant Roznowski, in his personal capacity, cannot reasonably be made in a manner set forth under Michigan law, and that the substitute means requested are reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard. *See* Fed. R. Civ. P. 4(e)(1); Mich. Ct. R. 2.105(I)(1).

With respect to serving the Defendant Corporations via service of a resident agent, Plaintiff has not met its burden that it has been unable to serve any eligible member of the corporation. Mich.

Ct. R. 2.105(D)(2) contemplates serving a corporation's "director, trustee, or person in charge." In addition, Mich. Ct. R. 2.105(D)(3-4) provides alternative procedures in the event that the corporation ceases to exist. While Plaintiff has demonstrated that it has been unable to serve a resident agent, Defendant Roznowski, it has not provided adequate factual support to conclude that other available forms of service are fruitless as well. In the event that Plaintiff seeks only to serve a registered agent, and not Defendant Corporations, Plaintiff has likewise not provided factual support for this conclusion.

The Court will permit Plaintiff to serve Defendant Roznowski, in his personal capacity, through alternative means. With respect to serving Defendant Corporations, Plaintiff shall attempt to serve each in a manner consistent with Mich. Ct. R. 2.105(D)(2-4) or demonstrate to the Court by subsequent motion why it is unable to do so.

Accordingly, it is **ORDERED** that Plaintiff's motion for alternative service [Dkt. # 168] is **GRANTED** in part.

It is further **ORDERED** that Plaintiff may serve the Defendant Clarence Roznowski, in his personal capacity, with the creditors examination subpoenas by:

1. Posting copies thereof, along with a copy of this Order, on the front door of:

    3215 Duncan Bay Drive, Cheboygan, Michigan 49721; or

2. Mailing a copy of the same by certified mail (return receipt requested) to Clarence Roznowski, 437 Main Street, Cheboygan, MI 49721; or

3. Personally serving the same on Clarence Roznowski's wife.

It is further **ORDERED** that Plaintiff shall attempt to serve U.S. Tissue Converting, Inc., Cheboygan Hydro Services, LLC, and Cheboygan Warehouse Services in a manner provided for in

Mich. Ct. R. 2.105(D).  In the event that Plaintiff is unsuccessful, it may renew its motion.

It is further **ORDERED** that within fourteen days of service Plaintiff shall file an affidavit indicating the date and manner the subpoenas and this Order were served.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated:  January 26, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---